IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEXT PROTEINS, INC.,<br><br>       Plaintiff,<br><br>v.<br><br>DISTINCT BEVERAGES, INC,<br>JAKE S. TOWNSON, NICK WOODHEAD,<br>USA SPORTS SUPPLEMENTS, INC., and<br>DOES 1-20,<br><br>       Defendants. | Case No. 2:09-CV- 04534-DRH-ETB |

**ANSWER AND COUNTERCLAIMS OF DEFENDANTS
DISTINCT BEVERAGES, INC., JAKE S. TOWNSON,
NICK WOODHEAD, AND USA SPORTS SUPPLEMENTS, INC.**

  Defendants Distinct Beverages, Inc., Jake S. Townson, Nick Woodhead, and USA Sports Supplements, Inc. (collectively, "Defendants"), by counsel, hereby answer the Complaint as follows:

  1. Defendants deny the allegations of paragraph 1 of the Complaint.

  2. Defendants lack sufficient knowledge or information to form a belief as to the allegations of paragraph 2 of the Complaint and on this basis deny those allegations.

  3. Defendants admit the allegations of paragraph 3 of the Complaint, but notes that the correct spelling of the street address is 30 Alyssum Avenue.

  4. Defendants admit the allegations of paragraph 4 of the Complaint.

  5. Defendants admit the allegations of paragraph 5 of the Complaint.

  6. Defendants admit the allegations of paragraph 6 of the Complaint.

12797444.1

7. Defendants deny the allegations of paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint does not contain any allegation and therefore no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 8 of the Complaint.

9. Defendants deny the allegations of paragraph 9 of the Complaint.

10. Defendants admit the allegations of paragraph 10 of the Complaint

11. Defendants deny the allegations of paragraph 11 of the Complaint.

12. Defendants deny the allegations of paragraph 12 of the Complaint.

13. Defendants lack sufficient knowledge or information to form a belief as to the allegations of paragraph 13 of the Complaint and on this basis deny those allegations, except admit that Plaintiff makes and/or sells a carbonated protein beverage that is the subject of U.S. Patent No. 7,205,018 ("the '018 patent").

14. Defendants deny the allegations of paragraph 14 of the Complaint, except admit that Plaintiff introduced its carbonated protein beverage in or before September 2003 in San Diego County, California.

15. Defendants deny the allegations of paragraph 15 of the Complaint, except admit that Plaintiff's carbonated protein beverage is the subject of the '018 patent, and admit that a true and correct copy of the '018 patent is attached as Exhibit A to the Complaint.

16. Defendants deny the allegations of paragraph 16 of the Complaint, except admit that Plaintiff's carbonated protein beverage is the subject of the '018 patent.

17. Defendants lack sufficient knowledge or information to form a belief as to the allegations of paragraph 17 of the Complaint and on this basis deny those allegations.

18. Defendants deny the allegations of paragraph 18 of the Complaint.

19. Defendants deny the allegations of paragraph 19 of the Complaint.

20. Defendants deny the allegations of paragraph 20 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants admit the allegations of paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants repeat and incorporate by reference its responses to the allegations of paragraphs 1 through 23 of the Complaint.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny the allegations of paragraph 27 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint.

## First Affirmative Defense

29. Plaintiff fails to state a claim for which relief may be granted.

## Second Affirmative Defense

30. Plaintiff's claims for damages, equitable relief, and/or other relief are barred, in whole or in part, by the doctrines of waiver, acquiescence, laches, and equitable estoppel.

## Third Affirmative Defense

31. Defendants have not infringed any claim of the '018 patent, either directly or as contributory or inducing infringers.

## Fourth Affirmative Defense

32. The claims of the '018 patent, as properly construed and interpreted in light of the prior art, its prosecution history and otherwise, are invalid for failure to comply with the requirements for patentability as set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Fifth Affirmative Defense**

33. By reason of the proceedings in the PTO during the prosecution of the application for the '018 patent, including, but not limited to the admissions, representations and/or other statements made by the named inventors and/or others substantively involved in the prosecution, Plaintiff is estopped to assert a construction of any claim of the '018 patent that would encompass literally or under the doctrine of equivalents any method practiced by Defendants, or any products used, made or sold by Defendants.

**COUNTERCLAIMS**

Defendants, for their Counterclaim, allege the following:

34. Defendant Distinct Beverages, Inc. is a New York corporation having a principal place of business at 30 Alyssum Ave., Huntington, NY.

35. Defendant Jake S. Townson is an individual residing in Suffolk County, NY.

36. Defendant Nick Woodhead is an individual residing in Suffolk County, NY.

37. Defendant USA Sports Supplements, Inc. is a New York corporation having a principal place of business at 50 Farmington Lane, Melville, NY.

38. Plaintiff alleges that it is a California corporation having a principal place of business at 5050 Avenida Encinas, Suite 350, Carlsbad, CA.

39. This Court has jurisdiction over the parties and the subject matter of these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, 2202 and the United States patent laws, 35 U.S.C. § 1 *et seq*. Venue is proper in this District because the original action was filed here by Plaintiff.

## COUNT I

### Declaratory Judgment of Non-infringement and Invalidity of '018 Patent

40. Defendants repeat and reallege the allegations set forth in paragraphs 29-39 of their Answer and Counterclaim as if fully set forth herein.

41. On information and belief, the '018 patent issued on or about April 17, 2007.

42. Plaintiff has charged Defendants in this action with infringement of the '018 patent.

43. Plaintiff asserts the right to sue and recover damages for past and future infringement of the '018 patent.

44. An actual and substantial justiciable controversy exists between Defendants and Plaintiff as to the validity of the '018 patent and as to whether Defendants have infringed or are infringing any valid claim of the '018 patent.

45. Defendants are entitled to a declaration that the '018 patent is void, invalid, and/or not infringed by Defendants.

## COUNT II

### Tortious Interference

### (asserted by Defendant Distinct Beverage, Inc.)

46. Defendants repeat and reallege the allegations set forth in paragraphs 29-45 of their Answer and Counterclaim as if fully set forth herein.

47. In or around July 2009, Defendant Distinct Beverage, Inc. ("Distinct") entered into a contractual relationship with Cold Spring Brewing Co. ("Cold Spring"), pursuant to which Cold Spring undertook to manufacturer and supply the beverage known as Protegy. In or around

the same time, Distinct entered into a contractual relationship with USA Sports Supplements, Inc. ("USA"), pursuant to which USA undertook to distribute Protegy.

48. In or around October 2009, with knowledge of Distinct's contractual relationship with Cold Spring, Plaintiff communicated various threats to Cold Spring with an intent to cause Cold Spring to stop production of Protegy and to otherwise interfere with such relationship. In or around the same time, with knowledge of Distinct's contractual relationship with USA, Plaintiff communicated various threats to USA with an intent to cause USA to stop distribution of Protegy and to otherwise interfere with such relationship.

49. On information and belief, Plaintiff acted solely out of malice, and/or used dishonest, unfair, or improper means, including by asserting the '018 patent, which Plaintiff knew, or should have known, was invalid.

50. Plaintiff's conduct has caused injury to Distinct's contractual relationships with Cold Spring and USA.

## DEMAND FOR JURY TRIAL

51. Defendants demand a trial by jury to the extent permitted by applicable law.

## DEMAND FOR RELIEF

WHEREFORE, Defendants pray for judgment in its favor and against Plaintiff providing that:

A. The Complaint be dismissed in its entirety with prejudice and Plaintiff take nothing therefrom.

B. The Court adjudge, declare, and decree that the claims of '018 patent are invalid and/or not infringed by Defendants.

    C.    Defendants be awarded their reasonable attorney fees and the costs of this action pursuant to 35 U.S.C. § 285.

    D.    Distinct be awarded damages, in an amount to be determined at trial.

    E.    Distinct be awarded punitive damages.

    F.    Defendants be awarded such other and further relief as the Court may deem just and proper.

Dated: November 30, 2009

Respectfully submitted,

DEFENDANTS DISTINCT BEVERAGES, INC., JAKE S. TOWNSON, NICK WOODHEAD, AND USA SPORTS SUPPLEMENTS, INC.

By Counsel

/s/ Andrew P. Zappia
Richard D. Rochford (RR-4696)
Michael F. Orman (MO-2318)
Andrew P. Zappia (AZ-8349)
NIXON PEABODY LLP
1100 Clinton Square
Rochester, NY 14604
Tel.: (585) 263-1000
Fax: (585) 263-1600
rrochford@nixonpeabody.com
morman@nixonpeabody.com
azappia@nixonpeabody.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November, 2009, I electronically filed the foregoing ANSWER AND COUNTERCLAIMS OF DEFENDANTS DISTINCT BEVERAGES, INC., JAKE S. TOWNSON, NICK WOODHEAD, AND USA SPORTS SUPPLEMENTS, INC. with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Charles H. Knull
>Linda M. Dougherty
>ULLMAN, SHAPIRO & ULLMAN, LLP
>299 Broadway, Suite 1700
>New York, NY  10007
>Tel:  (212) 571-0068
>Fax:  (212) 571-9424
>chk@usulaw.com
>ld@usulaw.com

>*Counsel for Plaintiff Next Proteins, Inc.*

I hereby further certify that on the 30th day of November, 2009, I caused to be served a true and correct copy of the foregoing ANSWER AND COUNTERCLAIMS OF DEFENDANTS DISTINCT BEVERAGES, INC., JAKE S. TOWNSON, NICK WOODHEAD, AND USA SPORTS SUPPLEMENTS, INC. via U.S. First Class Mail upon the following non-CM/ECF participant:

>John C. Wynne
>DUCKOR, SPRADLING, METZGER & WYNNE
>A Law Corporation
>3043 4th Avenue
>San Diego, CA  92103

>*Counsel for Plaintiff Next Proteins, Inc.*

>/s/ Andrew P. Zappia
>Andrew P. Zappia

12797444.1