UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
NEXT PROTEINS, INC.,

                Plaintiff,                               **ORDER**
                                                              **09 CV 4534 (DRH)(ETB)**

   - against –

DISTINCT BEVERAGES, INC., *et al.*,

                Defendants.
---------------------------------------------------------X

**HURLEY, District Judge:**

     Presently before the Court is plaintiff's motion for default judgment and to strike the answers and counterclaims of the corporate defendants in this action. (Docket No. 68.) For the reasons that follow, the motion for default judgment and to strike is granted.

**I.    BACKGROUND FACTS**

     This action arises from defendants' alleged infringement of a patent held by plaintiff, and referred to in its papers as the " '018 patent." According to the complaint[1] defendants were infringing on that patent through their manufacture and sale of a carbonated protein drink known as "Protegy." (*See* Compl. *generally*.) On November 30, 2009, defendants filed an answer denying the substantive allegations and asserting counterclaims for tortious interference and for declaratory relief. (Ans. at 5-6.) At the time their answer was filed, however, all four named defendants were represented by counsel. Counsel has since moved for, and been granted, withdrawal from representation in this case. (*See* docket no. 48.)

---

[1] Plaintiff moved to amend the complaint on April 21, 2010 (docket no. 31), seeking to clarify the language of its initial allegations, but not asserting any new claims or remedies. Based on the parties' representations that they were engaged in meaningful settlement discussions, the Court administratively terminated to the motion. No request to reinstate that motion has been made by plaintiff.

For over four months following counsel's withdrawal, Magistrate Judge Boyle granted a number of continuances to allow defendants time to retain new counsel. (*See* docket nos. 48, 52, and Order dated 9/20/11.) Finally, on November 2, 2011, Judge Boyle concluded that defendants had been given ample time to seek new counsel, but had failed to do so and granted plaintiff leave to seek default judgment against Distinct Beverages ("Distinct") and USA Sports Supplements, Inc. ("USASS") (collectively, the "corporate defendants"). (Docket No. 52.) Plaintiff began that process the very same day. (*See* docket no. 54.) The individual defendants, Nick Woodhead ("Woodhead") and Jake Townson ("Townson") are proceeding *pro se* in this action.

## II. PLAINTIFF'S MOTION FOR DEFAULT

Plaintiff moves for Default Judgment pursuant to Fed. R. Civ. P. 55 against the corporate defendants for their failure to appear by counsel. Under Rule 55, default judgment may be entered where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The Second Circuit has specifically held that "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55." *Grace v. Bank Leumi Trust Co.*, 443 F.3d 180, 192 (2d Cir. 2006), *cert. denied*, 549 U.S. 1114, (2007), (quoting *SEC v. Research Automation Corp.*, 521 F.2d 585 (2d Cir. 1975)); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993)("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). The theory behind this rule is that "[s]uch cavalier disregard for a court order [to appear by counsel] is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d

1305, 1310 (2d Cir. 1991)(quoting *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967)).[2]

Here, although the corporate defendants initially retained counsel and filed a timely response to the complaint, their counsel has since withdrawn from this action and the corporate defendants have so far failed to appear by counsel. As of the date of this Order, over seven months have passed since Judge Boyle granted the request of defendants' counsel to withdraw as their attorney, and directed the corporate defendants to seek new counsel. Likewise, more than eight months have passed since counsel first informed the Court of its intentions to withdraw. (*See* docket nos. 44, 45.)

By letter dated January 17, 2012, plaintiff informed the Court that it had entered into a settlement agreement with defendant USASS, and that as a result the claims against this defendant have been discontinued with prejudice and that the motion for default judgment against USASS is therefore withdrawn. (*See* docket nos. 76-79.)

Distinct Beverages has not responded to the motion by way of counsel. However, on November 7, 2011, defendant Woodhead, who identifies himself as the CEO of Distinct, wrote a letter to the Court "on behalf of" Distinct, and on the company's letterhead, requesting that the Court deny the motion and allow Distinct more time to retain counsel. (Docket No. 59.) No further correspondence on behalf of Distinct has been received since this letter. As discussed above, although the request for denial of the motion by Distinct cannot be made except through counsel, the Court denies the request *sua sponte* given the time that the Court has already extended to Distinct to find an attorney.

---

[2] These cases quote language from a previous version of Rule 55. The change in the Rule's language is not substantive and does not affect the outcome of this Order.

Accordingly, because over seven months has passed since counsel for Distinct withdrew from this case, and because Distinct has since failed to appear by counsel, despite numerous allowances by this Court, plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) is hereby granted against Distinct. *See Grace*, 443 F.3d at 192. As claims remain pending in this action against the individual defendants, the Court defers any ruling on an award of damages against Distinct. *See, e.g., Montcalm Pub. Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992)("[W]here some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments."); *see also* Fed. R. Civ. P. 54(b).

Plaintiff's motion for default against USASS is marked as withdrawn.

### III. PLAINTIFF'S MOTION TO STRIKE DISTINCT'S COUNTERCLAIMS

Plaintiff also seeks an order striking the counterclaim asserted by Distinct in its answer.[3] In entering default judgment against a corporate defendant for failing to appear by counsel, it is also appropriate for a court to strike the answer and counterclaims of that defendant. *See, e.g., Eagle Assocs.*, 926 F.2d 1305(affirming the district court's entry of default judgment and dismissal of cross- and counter-claims asserted by a corporate defendant without counsel); *Pert 35, Inc. v. Amari Aviation Ltd.,* 2010 U.S. Dist. LEXIS 28728 (N.D.N.Y Mar. 24, 2010)(entering default judgment and striking the answer and counterclaims of the corporate defendant who failed to appear by counsel); *Team Air Express, Inc. v. A. Heffco Techs., Inc.*, No. 06 CV 2742

---

[3] As stated above, defendant USASS has since settled with plaintiff and has thereby discontinued its counterclaim. (See docket no. 78.) The Court therefore addresses the present motion in the context of the counterclaim only as it is asserted by Distinct.

(NG)(CLP), 2008 U.S. Dist. LEXIS 91791 (E.D.N.Y. Jan. 7, 2008)(same)(later adopted by an unpublished order).

Therefore, as a default judgment has been entered against Distinct for its failure to appear by counsel, its answer and counterclaim are also stricken, and the Court need not reach plaintiff's further argument that such counterclaims must be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

### IV. CONCLUSION

Plaintiff's motion for default judgment and to dismiss the counterclaims as to defendant Distinct is granted. Plaintiff's identical motion as to defendant USASS is marked as withdrawn pursuant to the parties' settlement agreement.

SO ORDERED.

Dated: Central Islip, New York
February 1, 2012

/s
Denis R. Hurley
Unites States District Judge